# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,              )
                               )
                               )
                               )
v.                             )       ID. No. 1612008820
                               )
                               )       Cr. A. Nos. IN16-12-1015, etc.
JOEL M. ORTIZ,                 )
            Defendant.         )

Submitted: September 10, 2018
Decided: October 8, 2018

## ORDER

*Upon Defendant, Joel M. Ortiz's, Motion for Postconviction Relief,*
**DENIED.**

This 8th day of October, 2018, upon consideration of the Defendant Joel M. Ortiz's *Pro Se* Motion for Postconviction Relief (D.I. 29), the Commissioner's Report and Recommendation that Mr. Ortiz's *Pro Se* Motion for Postconviction Relief should be **DENIED** (D.I. 37), and the record in this case, it appears to the Court that:

(1)    Joel M. Ortiz was indicted on May 15, 2017, for Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of a Weapon with an Obliterated Serial Number, Possession of a Firearm While In Possession of a Controlled Substance, and Possession of Marijuana.[1]  Mr. Ortiz lost a suppression

---

[1]    Indictment, *State v. Ortiz*, ID No. 1612008820 (Del. Super. Ct. May 15, 2017) (D.I. 3).

hearing before one judge of this Court,[2] and was convicted of all four indicted counts after a stipulated non-jury trial conducted before the undersigned.[3] On January 12, 2018, after a presentence investigation had been completed, Mr. Ortiz was sentenced for PFBPP to seven years and six months at Level V, suspended after five years for two years and six months at Level IV (DOC Discretion) suspended after six months for two years at Level III. For the remaining charges he received either fully probated terms or financial obligations. The unsuspended five years of confinement for the PFBPP count is a minimum mandatory term under 11 *Del. C.* § 1448(e)(1)(b). And when sentenced, Mr. Ortiz was given full credit for any time previously served.[4]

(2)     Mr. Ortiz did not appeal his convictions or sentence.

(3)     On June 6, 2018, Mr. Ortiz filed a *pro se* Motion for Postconviction Relief and a Motion for Appointment of Counsel pursuant to Superior Court Criminal Rule 61.[5] After receiving trial counsel's affidavit, this Motion was referred to Superior Court Commissioner Katharine L. Mayer in accordance with 10 *Del. C.*

---

[2]     D.I. 18 and 19.

[3]     Verdict Form, *State v. Ortiz*, ID No. 1612008820 (Del. Super. Ct. Sept. 19, 2017) (D.I. 23).

[4]     Sentence Order, *State v. Ortiz*, ID No. 1612008820 (Del. Super. Ct. June 6, 2016) (D.I. 8).

[5]     D.I. 29 and 30. The motion for appointment of counsel was denied. D.I. 33.

§ 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.

(4) The Commissioner filed her Report and Recommendation on September 10, 2018. The Commissioner recommended that the Court deny Mr. Ortiz's Motion for Postconviction Relief.[6]

(5) "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[7] Neither Mr. Ortiz nor the State filed an "objection" to the Commissioner's Report pursuant to Criminal Rule 62(a)(5)(ii).

(6) The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[8] There is no doubt, after a thorough review of the record in this case, that there is no constitutional or legal basis to doubt the validity of Mr. Ortiz's convictions and sentence. Nor there a doubt that Mr. Ortiz received effective assistance of counsel in investigating his matter, litigating the suppression issues that counsel had a good faith basis to believe had merit, negotiating its resolution, and advocating for him at sentencing.

---

[6] *State v. Ortiz,* 2018 WL 4328813 (Del. Super. Ct. Sept. 10, 2018).

[7] Super. Ct. Crim. R. 62(a)(5)(ii).

[8] *Id.* at 62(a)(5)(iv).

**NOW THEREFORE**, after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation of September 10, 2018, Mr. Ortiz's Motion for Postconviction Relief is **DENIED**.

·**SO ORDERED this 8th day of October, 2018.**

_____
**Paul R. Wallace, Judge**

Original to Prothonotary

cc:   Zachary D. Rosen, Deputy Attorney General
      A. Dale Bowers, Esquire
      Mr. Joel M. Ortiz, *pro se*